UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

VIRGIL TUTTLE,                          :
                                        :
              Petitioner                :       No. 4:CV-07-0067
                                        :
          vs.                           :       (Complaint Filed 1/12/07)
                                        :
JAMES T. WYNDER,                        :
Superintendent,                         :       (Judge Muir)
                                        :
              Respondent                :


**Memorandum**

January 22, 2008

Petitioner, Virgil Tuttle, filed the instant petition
for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in
which he attacks a conviction imposed by the Court of Common
Pleas for Wayne County, Pennsylvania. (Doc. No. 1). By Order
dated January 23, 2007, in accordance with United States vs.
Miller, 197 F.3d 644 (3d Cir. 1999) and Mason vs. Meyers, 208
F.3d 414 (3d Cir. 2000), petitioner was advised that he could
(1) have the petition ruled on as filed, that is, as a § 2254
petition for writ of habeas corpus and heard as such, but lose
his ability to file a second or successive petition, absent
certification by the court of appeals, or (2) withdraw his
petition and file one all-inclusive § 2254 petition within the

one-year statutory period prescribed by the Antiterrorism
Effective Death Penalty Act ("AEDPA").   (Doc. No. 2).   On
January 29, 2007, the petitioner returned the notice of
election form indicating that he wished to proceed on the
petition as filed.   (Doc. No. 3).   A Show Cause Order was
issued on February 13, 2007. (Doc. No. 4).   A response (Doc.
No. 10) and traverse (Doc. No. 15) having been filed, the
petition is ripe for consideration.   For the reasons that
follow, the petition will be dismissed.

**Background**

On March 20, 1996, pursuant to a written plea
agreement, petitioner pled guilty to First Degree Murder.
(Doc. No. 11, pp. 28-35, written plea agreement).   As part of
the plea agreement, the Commonwealth did not seek the death
penalty under 42 Pa. C.S.A. § 9711(b).   Id.   Instead, the
petitioner was sentenced to life imprisonment immediately
following the guilty plea colloquy on March 20, 1996.   (Doc.
No. 11, pp. 36-51, plea colloquy).   The petitioner did not
pursue a direct appeal from his conviction and sentence, nor
did he seek to withdraw his guilty plea.

On November 25, 1998, petitioner filed a petition

2

under Pennsylvania's Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541, _et_ _seq_. ("PCRA"). (Doc. No. 11, pp. 53, 62, petition). Petitioner raised the issues of ineffective assistance of counsel and an unlawfully induced guilty plea. _Id_.

On March 16, 1999, following a hearing on the petition, the PCRA Court issued an Opinion and Notice of Intent to Dismiss the PCRA petition on the grounds that it was untimely, and otherwise lacked merit. (Doc. No. 11, pp. 106-110).

On April 27, 1999, the PCRA Court issued an Opinion and Final Order Pursuant to Pa.R.Crim.Pro. 1507, dismissing the petition. (Doc. No. 12, pp. 116-118).

On August 19, 1999, the petitioner appealed the denial to the Pennsylvania Superior Court. (Doc. No. 12, pp. 119-132, petition). On March 3, 2000, the Superior Court affirmed the PCRA Court's decision that the petition was untimely and properly dismissed. (Doc. No. 12, pp. 133-139).

On December 14, 2005, petitioner filed a second PCRA petition. (Doc. No. 12, pp. 140-198, petition). On January 31, 2006, the PCRA Court issued an Opinion and Notice of

3

Intention to Dismiss Pursuant to Pa.R.Crim.Pro. 907, on the grounds that the petition was untimely, and because there was no support for the petitioner's "base assertions of innocence." (Doc. No. 12, pp. 199-203, Opinion).   On March 2, 2006, the PCRA Court issued an Opinion and Final Order, dismissing petitioner's second PCRA petition. (Doc. No. 12, pp. 219-220).

On March 6, 2006, petitioner filed an appeal to the Pennsylvania Superior Court.  (Doc. No. 13, pp. 221, appeal). On October 11, 2006, the Superior Court affirmed the PCRA Court's dismissal, finding the following:

> A review of the record discloses that on the 20th day of March, 1996, Appellant pleaded guilty to the robbery/murder of gas station attendant John Mousley in October of 1995. The trial court imposed a mandatory sentence of life imprisonment without the possibility of parole.  Appellant filed neither a petition to withdraw his plea nor a direct appeal from the judgment of sentence. Rather, after the passage of almost two and one-half years (November 25, 1998), Appellant filed his first PCRA petition alleging the ineffectiveness of trial counsel and an unlawfully induced guilty plea. **See** Appellant's "Petition Under the Post Conviction Relief Act," 11/25/98, ¶¶4, 5; Record No. 30.  A panel of this Court affirmed the trial court's decision that the PCRA petition was untimely and subject to

4

dismissal.[1] **Commonwealth v. Tuttle**, No. 1360 EDA 1999 (filed March 3, 2000)("**Tuttle I**"). Appellant sought no further review.

On December 14, 2005, Appellant filed the present (second) PCRA petition alleging trial counsel's ineffectiveness in not assuring that the specific elements of first degree murder were told to him, which he alleged rendered his guilty plea unknowingly

---

[1] [The following is footnote 1 of the Superior Court opinion:]

In particular, the PCRA court, despite the untimeliness of Appellant's first PCRA petition, addressed the merits of the three issues raised therein; to-wit: 1) Appellant alleged the ineffective assistance of counsel regarding the guilty plea and subsequent sentence; 2) Appellant alleged he used drugs (cocaine) on the night of the murder; and 3) Appellant alleged his neuropsychological evaluation concluded his cognitive deficits constituted significant mental and emotional disturbances. After reviewing the preceding claims, the PCRA court was "satisfied that there [we]re no genuine issues concerning any material fact and that the [Appellant wa]s not entitled to post-conviction collateral relief[,]" which resulted in a dismissal of Appellant's request for relief. **See** PCRA court's "Opinion and Notice of Intention to Dismiss Pursuant to Pa.Cr.Crim.Pro. 1507, 3/16/99, at 4-5; Record No. 39.

Review of the dismissal of Appellant's first PCRA petition by this Court resulted in an affirmance of the order denying relief, which was predicated upon a finding that Appellant's medical history and his alleged use of cocaine at the time of the killing were not "after discovered evidence" excusing his untimely filing of his first PCRA petition, nor was Appellant's explanation for the delay in filing the PCRA petition persuasive. Consequently, this Court ruled "the PCRA court lacked jurisdiction, and its denial of the petition was proper." **Tuttle I, infra** at 6-7.

5

and unintelligently entered. **See** Appellant's "Memorandum of Law" attached to second PCRA petition, 12/14/05, at 2; Record No. 49. Further, Appellant asserted his "actual innocence" and premised the same upon "the fact that neither the guilty plea hearing court [n]or guilty plea hearing counsel explained [...] the elements of the crimes charged[, which rendered ...] his guilty plea [...] unlawfully induced and unknowing[ly], unintelligently and involuntarily entered [...]." **See** Appellant's brief, at 30. Appellant also asserted the preceding allegations caused his second PCRA petition to fall outside the barring effect of the one-year statute of limitations. Id. at 24.

On January 31, 2006, the PCRA court issued an opinion and notice to dismiss Appellant's second PCRA petition pursuant to Pa.R.CrimP. 907. The PCRA court did so based upon **Commonwealth v. Williams**, 660 A.2d 614 (Pa. Super 1995), which held issues raised in a second PCRA petition were waived except those relating to a defendant's innocence or the possibility that the proceedings were so unfair that a miscarriage of justice occurred which no civilized society could tolerate.

The PCRA court ruled that Appellant's PCRA petition, being his second, a strong *prima facie* showing that a miscarriage of justice took place was a condition precedent to relief, but the assertion of the ineffective assistance of counsel did not satisfy the miscarriage of justice criterion. **Commonwealth v. Laskaris**, 595 A.2d 1229 (Pa. Super. 1991). The PCRA court also stated that Appellant's assertion of innocence was

raised in his first PCRA petition, which
denial was affirmed by **Tuttle I** and
precluded review under the guise of a second
PCRA petition. As a result, the PCRA court
dismissed Appellant's petition.

Appellant filed his current PCRA petition on
December 14, 2005. Appellant's judgment of
sentence became final thirty days after the
trial court imposed sentence on March 20,
1996. The time allowed for filing a direct
appeal with this Court expired on April 19,
1996. **Tuttle I, supra** at 4. Consequently,
Appellant's judgment of sentence became
final more than nine years before he filed
his current, second PCRA petition. This
makes the present PCRA petition untimely.

Five issues are formally presented for our
review, which, when distilled, reduce
themselves to claims that the PCRA court
erred in dismissing his petition: 1) where
he demonstrated actual innocence to the
crimes charged; and 2) with neither the
trial court nor trial counsel explaining the
elements of the crimes charged, the guilty
plea colloquy was defective. **See**
Appellant's brief, at 6-7

Because Appellant filed his second PCRA
petition on December 14, 2005, the petition
is untimely unless Appellant demonstrates
that he qualifies for one of the exceptions
set forth at 42 Pa.C.S.A. § 9545(b)(1).

The record reflects that no exception
applies. Appellant has not proven that his
delay in raising his current claims was
caused by interference by governmental
officials. Thus, Section 9545(b)(1)(i) is
inapplicable. Appellant also has failed to

> prove that the claims that comprise his current PCRA petition were not known to him or could not have been ascertained by the exercise of due diligence. Thus, Section 9545(b)(1)(ii) is inapposite. Finally, Appellant has not proven that his claims consist of recently-recognized constitutional rights. Thus, Section 9545(b)(1)(iii) is lacking. Therefore, with Appellant's failure to fall into any of the aforementioned exceptions, the PCRA petition is time-barred. Accordingly, the PCRA court's order is affirmed on the basis that it lacked jurisdiction to consider the merits of Appellant's petition.[2] **Commonwealth v. Austin**, 721 A.2d 375, 378 (Pa. Super 1998).

(Doc. No. 13, pp. 333-338, Superior Court Opinion).

Petitioner originally filed this petition for writ of habeas corpus on December 1, 2006, in the United States

---

[2] [The following is footnote 2 of the Superior Court opinion:] This being Appellant's second PCRA petition, in addition to satisfying the eligibility and timeliness requirements of the PCRA, 42 Pa.C.S.A. §§ 9543 and 9545, he was also required to comply with **Commonwealth v. Lawson**, 519 Pa. 504, 549 A.2d 107, 112 (1988), which requires a petitioner to demonstrate either: (a) the proceedings resulting in his conviction were so unfair that a miscarriage of justice occurred which no civilized society can tolerate, or (b) he is innocent of the crimes charged to secure post-conviction relief. From our review of the entire record, despite Appellant's allegations of a miscarriage of justice and an assertion of innocence, he has fallen short of establishing a strong *prima facie* case as to either claim. **Commonwealth v. Palmer**, 814 A.2d 700, 709 (Pa. Super. 2002).

District Court for the Eastern District of Pennsylvania. By
Order dated December 7, 2006, it was transferred to the Middle
District, where it was filed on January 12, 2007. Petitioner
challenges his conviction on the grounds that he entered into
an unlawfully induced guilty plea and received ineffective
assistance of counsel. (Doc. No. 1, petition). In their
response, respondent asserts that the instant petition is time
barred.

**Discussion**

A state prisoner requesting habeas corpus relief
pursuant to 28 U.S.C. § 2254 must adhere to a statute of
limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of
> limitations shall apply to an
> application for a writ of habeas
> corpus by a person in custody
> pursuant to the judgment of a
> State court. <u>The limitation
> period shall run from the latest
> of - (A) the date on which the
> judgment became final by the
> conclusion of direct review or the
> expiration for seeking such review</u>
> . . .
>
> (d)(2) The time during which a
> properly filed application for
> State post conviction or other
> collateral review with respect to

9

> the pertinent judgment or claim is
> pending shall not be counted
> toward any period of limitation
> under this subsection.

28 U.S.C. § 2244(d)(1)-(2)(emphasis added); <u>see</u> <u>generally</u>, Jones vs. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when <u>direct</u> review processes are concluded. <u>See</u> Harris vs. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of <u>direct</u> <u>review</u> of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are <u>pending</u> in any state court.")(emphasis in original); Fields vs. Johnson, 159 F.3d 914, 916 (5ht Cir. 1998)(<u>per</u> <u>curiam</u>); Hoggro vs. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is <u>not</u> the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. <u>See</u> Bunnell vs. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the

completion of his post-conviction proceedings."). Where, as here, a prisoner's conviction became final on direct review prior to the effective date of the AEDPA (April 24, 1996), the limitations period began running on April 24, 1996. Burns vs. Morton, 134 F.3d 109, 111 (3d Cir. 1998); see also Harris, 209 F.3d at 328.

In this case, the Petitioner's conviction became final on direct review prior to the enactment of the AEDPA in April of 1996. Thus, the clock for filing a § 2254 petition began on April 24, 1996 , and he had until April 23, 1997, to file a timely habeas corpus petition. Satterfield vs. Johnson, 434 F.3d 185, 191 (3d Cir. 2006); Burns, 134 F.3d at 111. Petitioner, however, did not file the instant petition until December 1, 2006, more than nine years late. Thus, the only way the instant petition can be deemed timely filed is if Tuttle is entitled to statutory or equitable tolling of the limitations period.

Under § 2244(d)(2) of the AEDPA, the limitations period is statutorily tolled for "[t]he time during which a *properly filed* application for State post-conviction or other collateral review . . . is pending." (emphasis added). Thus,

11

only a "properly filed" application for state postconviction relief tolls the limitations period under § 2244(d)(2). A PCRA petition that is filed untimely is not "properly filed" so as to suspend the running of the limitations period, see Pace vs. DiGugliemo, 544 U.S. 408, 417 (2005), and whether a state petition was untimely is a matter of state law that cannot be reconsidered by a federal habeas court. Satterfield, 434 F.3d at 192("If a state court determines that a petition is untimely, that would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits.")(internal quotations omitted).

        In the instant case, Tuttle's 1998 and 2005 PCRA petitions are unavailing, as they were filed after the limitations period expired, and were deemed untimely under the PCRA by the state courts. Accordingly, Edwards is not entitled to statutory tolling.

        Equitable tolling is available "only when the principle of equity would make the rigid application of a limitation period unfair." Fahy vs. Horn, 240 F.3d 239, 244 (3d Cir. 2001). "A petitioner seeking equitable tolling bears

the burden to show that he diligently pursued his rights and that some 'extraordinary circumstances' stood in [the] way." Satterfield, 434 F.3d at 188 (3d Cir. 2006)(quoting Pace, supra, 544 U.S. at 418).

Petitioner states that "he is actually innocent of the crime charged of first degree murder...due to the fact that at petitioner's guilty plea hearing colloquy the guilty plea hearing court failed to explain to petitioner the elements of the crime charged pursuant to Pennsylvania Criminal Statute 18 Pa.C.S.A. § 2502(a)" and, as such, his "claim of actual innocence falls outside the ambit of § 2244(d)(1)." (Doc. No. 1, p. 14 and Doc. No. 15).

Presuming for the sake of argument that Tuttle's theory is correct, it offers no explanation as to how this alleged error prevented him from filing a timely federal habeas petition. Clearly, Tuttle was aware of this perceived error before April 23, 1997, the limitations deadline. Tuttle has not presented any facts or argument to warrant a finding of "extraordinary circumstances" necessary to support the equitable tolling of the limitations period. See Lawrence vs. Florida,    U.S.    ,    , 127 S.Ct. 1079, 1085 (2007).

13

**Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c)(1)(A), a petitioner must obtain a certificate of appealability (COA) to appeal a final order denying a habeas corpus petition under 28 U.S.C. § 2254. A district court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). When a court denies a petitioner's habeas claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the claims debatable or wrong. See Slack vs. McDaniel, 529 U.S. 473, 483-484(2000). However, when a district court denies a petition on procedural grounds, a COA should issue if: (1) jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional rights; and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. See Slack, supra.

Here, jurists of reason would not find it debatable that this court was correct in its procedural ruling that the petition is untimely. Consequently, no certificate of

appealability will issue.   An appropriate order is attached.


                                        s/Malcolm Muir
                                        MUIR
                                        United States District Judge

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

```
VIRGIL TUTTLE,                      :
                                    :
              Petitioner            :      No. 4:CV-07-0067
                                    :
         vs.                        :      (Complaint Filed 1/12/07)
                                    :
JAMES T. WYNDER,                    :
Superintendent,                     :      (Judge Muir)
                                    :
              Respondent            :
```

## ORDER

January 22, 2008

Upon consideration of the petition for writ of habeas corpus (Doc. No. 1), and for the reasons set forth in the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice for lack of jurisdiction.

2. The Clerk of Court is directed to **CLOSE** this case.

3. A certificate of appealability is denied.


                              s/Malcolm Muir
                              MUIR
                              United States District Judge